**FRIEDMAN, JAMES & BUCHSBAUM LLP**
John P. James
Bernard D. Friedman
Andrew V. Buchsbaum
Attorneys for Plaintiff
132 Nassau Street, Suite 900
New York, NY 10038
telephone: (212) 233-9385

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
ANTHONY KERLEY,                              :

            Plaintiff,                    :

    -against-                                  :

STERLING EQUIPMENT, INC.,                    :

           Defendant.                    :
-------------------------------------------------------------x

17-cv-5717 (JBW)(JO)

**PLAINTIFF DEMANDS A TRIAL BY JURY**

**SEAMAN'S CASE UNDER THE JONES ACT FOR PERSONAL INJURIES**

**SECOND AMENDED COMPLAINT**

### SUIT UNDER SPECIAL RULE FOR SEAMEN TO SUE WITHOUT SECURITY OR PREPAYMENT OF FEES FOR THE ENFORCEMENT OF THE LAWS OF THE UNITED STATES, COMMON AND STAT-UTORY FOR THE PROTECTION OF AND FOR THE HEALTH AND SAFETY OF SEAMEN AT SEA

Plaintiff, ANTHONY KERLEY, by his attorneys, FRIEDMAN, JAMES & BUCHSBAUM LLP, for his second amended complaint, respectfully alleges upon information and belief as follows:

**Jurisdiction and Venue - First Through Fifth Causes of Action:**

      1.     This Court has jurisdiction pursuant to the Jones Act, 46 U.S.C. §§ 30104 et seq. (formerly codified at 46 U.S.C. § 688).

2. Alternatively, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that the claims asserted herein are between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

3. The barge QUINCY on which plaintiff was injured, presently is, or during the pendency of this action will be, within the Federal Judicial District in which this action has been commenced.

4. Venue is proper in this District pursuant to: the Jones Act, 46 U.S.C. § 30104, as incorporating 45 U.S.C. § 56, in that the cause of action arose in this District; and defendants are doing business within this District; and/or 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claim occurred within this District.

**Parties:**

5. At all relevant times, plaintiff ANTHONY KERLEY was and still is a citizen of the State of New Jersey.

6. At all relevant times, defendant STERLING EQUIPMENT, INC. was and still is a corporation organized and existing pursuant to the laws of one of the states of the United States, other than New Jersey and was transacting business within the State of New York.

7. At all relevant times, defendant STERLING EQUIPMENT, INC. was and still is a corporation registered to do and was transacting business within the State of New York.

### AS AND FOR A FIRST CAUSE OF ACTION

8. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 7 with the same force and effect as if set forth at length herein.

9. At all times and dates hereinafter mentioned, defendant STERLING EQUIPMENT, INC., owned the barge QUINCY on which plaintiff was injured, its equipment and appurtenances, hereinafter referred to collectively as "QUINCY."

10. At all times and dates hereinafter mentioned, defendant STERLING EQUIPMENT, INC., operated the QUINCY.

11. At all times and dates hereinafter mentioned, defendant STERLING EQUIPMENT, INC., managed the QUINCY, its equipment and appurtenances.

12. At all times and dates hereinafter mentioned, defendant STERLING EQUIPMENT, INC., controlled the QUINCY, its equipment and appurtenances

13. At all times and dates hereinafter mentioned, the QUINCY was and still is a watercraft used, or capable of being used, as a means of transportation on water.

14. At all times and dates hereinafter mentioned, the plaintiff was a seaman and member of the crew of the QUINCY and an employee and/or borrowed servant of defendant STERLING EQUIPMENT, INC.

15. At all times and dates hereinafter mentioned, and prior thereto, the plaintiff was a seaman and member of the crew of other barges/vessels under common ownership, operation and/or control of defendant STERLING EQUIPMENT, INC.

16. That on or about October 2, 2014, while boarding the aforesaid QUINCY, and without any fault on the part of the plaintiff, and wholly and solely by reason of the negligence, recklessness and carelessness of defendant STERLING EQUIPMENT, INC. and its agents, servants and/or employees, and by reason of the unseaworthiness of the QUINCY, its equipment and appurtenances, and in failing to provide plaintiff with a safe, adequate and

secure means of ingress to and egress from the aforesaid QUINCY, the plaintiff was caused to sustain severe injuries, including, but not limited to, injuries to his neck and spine.

17. As a result of the foregoing, the plaintiff was rendered sick, sore, lame and disabled and sustained severe and permanent personal injuries, was and is internally and externally disabled causing him to suffer pain, and for a time he was prevented from attending to his daily labors, thereby losing sums of money which he otherwise would have earned as wages, and has endeavored to be cured of his injuries, and has expended sums of money to maintain himself, and will continue to endure pain and suffering, all to his damage.

## AS AND FOR A SECOND CAUSE OF ACTION

18. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 17 inclusive as if set forth fully at length herein.

19. At all times material hereto, plaintiff was engaged in performing services within the purview of the Longshore and Harbor Worker's Compensation Act, 33 U.S.C. § 901 *et seq*.

20. On or about October 2, 2014, plaintiff was caused to sustain severe and permanent personal injuries.

21. Said injuries were caused by the negligence of the defendant STERLING EQUIPMENT, INC., in its ownership, possession, management, operation and control of the QUINCY, its equipment and/or appurtenances, and by otherwise breaching the obligations of 33 U.S.C. § 905(b) and its implementing regulations.

22. As a result of the foregoing, the plaintiff was rendered sick, sore, lame and disabled and sustained severe and permanent personal injuries, was and is internally and

externally disabled causing him to suffer pain, and for a time he was prevented from attending to his daily labors, thereby losing sums of money which he otherwise would have earned as wages, and has endeavored to be cured of his injuries, and has expended sums of money to maintain himself, and will continue to endure pain and suffering, all to his damage.

### AS AND FOR A THIRD CAUSE OF ACTION

23. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 22 inclusive as if set forth fully at length herein.

24. On or about October 2, 2014, while lawfully on board the QUINCY, plaintiff was caused to be seriously injured as a result of the negligence and lack of reasonable care of the defendant, STERLING EQUIPMENT, INC., in breach of the duty established in Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625 (1958) and its progeny.

25. As a result of the foregoing, the plaintiff was rendered sick, sore, lame and disabled and sustained severe permanent personal injuries, was and is internally and externally disabled causing him to suffer pain, and for a time he was prevented from attending to his daily labors, thereby losing sums of money which he otherwise would have earned as wages, and has endeavored to be cured of his injuries, and has expended sums of money to maintain himself, and will continue to endure pain and suffering, all to his damage.

### AS AND FOR A FOURTH CAUSE OF ACTION

26. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 25 with the same force and effect as if set forth at length herein.

27. Plaintiff is entitled to maintenance, cure, and medical expenses from defendant STERLING EQUIPMENT, INC., for the period that he was disabled and unable to work.

### AS AND FOR A FIFTH CAUSE OF ACTION

28. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 27 inclusive as if set forth at length herein.

29. Defendant STERLING EQUIPMENT, INC., has failed to secure payment of compensation to plaintiff pursuant to the LHWCA.

30. Pursuant to the provisions of 33 U.S.C. § 905(a), plaintiff hereby makes direct claim against defendant STERLING EQUIPMENT, INC., for all recoverable items of damage.

31. Pursuant to the provisions of 33 U.S.C. § 905(a), defendant STERLING EQUIPMENT, INC., may not plead as a defense that the injury was caused by the negligence of a fellow servant, or that the employee assumed the risk of his employment, or that the injury was due to the contributory negligence of the employee.

**Jurisdiction and Venue - Sixth through Tenth Causes of Action:**

32. This Court has jurisdiction pursuant to the Jones Act, 46 U.S.C. §§ 30104 et seq. (formerly codified at 46 U.S.C. § 688).

33. Alternatively, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that the claims asserted herein are between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

34. The vessel on which plaintiff was injured, named VICKY M, presently is, or during the pendency of this action will be, within the Federal Judicial District in which this action has been commenced.

35. Venue is proper in this District pursuant to: the Jones Act, 46 U.S.C. § 30104, as incorporating 45 U.S.C. § 56, in that the cause of action arose in this District; and defendants are doing business within this District; and/or 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claim occurred within this District.

**Parties:**

36. At all relevant times, plaintiff ANTHONY KERLEY was and still is a citizen of the State of New Jersey.

37. At all relevant times, defendant STERLING EQUIPMENT, INC. was and still is a corporation organized and existing pursuant to the laws of one of the states of the United States, other than New Jersey and was transacting business within the State of New York.

38. At all relevant times, defendant STERLING EQUIPMENT, INC. was and still is a corporation registered to do and was transacting business within the State of New York.

### AS AND FOR A SIXTH CAUSE OF ACTION

39. Plaintiff repeats and realleges each and every allegation contained in paragraphs 32 through 38 with the same force and effect as if set forth at length herein.

40. At all times and dates hereinafter mentioned, defendant STERLING EQUIPMENT, INC., owned the vessel VICKY M on which plaintiff was injured, its equipment and appurtenances, hereinafter referred to collectively as the "VICKY M".

41. At all times and dates hereinafter mentioned, defendant STERLING EQUIPMENT, INC., operated the VICKY M.

42. At all times and dates hereinafter mentioned, defendant STERLING EQUIPMENT, INC., managed the VICKY M, its equipment and appurtenances.

43. At all times and dates hereinafter mentioned, defendant STERLING EQUIPMENT, INC., controlled the VICKY M, its equipment and appurtenances

44. At all times and dates hereinafter mentioned, the VICKY M was and still is a watercraft used, or capable of being used, as a means of transportation on water.

45. At all times and dates hereinafter mentioned, the plaintiff was a seaman and member of the crew of the VICKY M and an employee and/or borrowed servant of defendant STERLING EQUIPMENT, INC.

46. At all times and dates hereinafter mentioned, and prior thereto, the plaintiff was a seaman and member of the crew of other VICKY M's/vessels under common ownership, operation and/or control of defendant STERLING EQUIPMENT, INC.

47. That on or about April 22, 2016, while walking on the deck of the VICKY M, and wholly and solely by reason of the negligence, recklessness and carelessness of defendant STERLING EQUIPMENT, INC., its agents, servants and/or employees, and by reason of the unseaworthiness of the VICKY M, its equipment and appurtenances, plaintiff was caused to trip, and while falling, grab onto a handrail that broke, causing him to fall to the deck of the VICKY M, and the plaintiff was caused to sustain severe injuries, including, but not limited to, injuries to his neck and spine.

48.     As a result of the foregoing, the plaintiff was rendered sick, sore, lame and disabled and sustained severe and permanent personal injuries, was and is internally and externally disabled causing him to suffer pain, and for a time he was prevented from attending to his daily labors, thereby losing sums of money which he otherwise would have earned as wages, and has endeavored to be cured of his injuries, and has expended sums of money to maintain himself, and will continue to endure pain and suffering, all to his damage.

### AS AND FOR A SEVENTH CAUSE OF ACTION

49.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 32 through 48 inclusive as if set forth fully at length herein.

50.     At all times material hereto, plaintiff was engaged in performing services within the purview of the Longshore and Harbor Worker's Compensation Act, 33 U.S.C. § 901 *et seq*.

51.     On or about April 22, 2016, plaintiff was caused to sustain severe and permanent personal injuries.

52.     Said injuries were caused by the negligence of the defendant STERLING EQUIPMENT, INC., in its ownership, possession, management, operation and control of the VICKY M, its equipment and/or appurtenances, and by otherwise breaching the obligations of 33 U.S.C. § 905(b) and its implementing regulations.

53.     As a result of the foregoing, the plaintiff was rendered sick, sore, lame and disabled and sustained severe and permanent personal injuries, was and is internally and externally disabled causing him to suffer pain, and for a time he was prevented from attending to his daily labors, thereby losing sums of money which he otherwise would have earned as

wages, and has endeavored to be cured of his injuries, and has expended sums of money to maintain himself, and will continue to endure pain and suffering, all to his damage.

## AS AND FOR A EIGHTH CAUSE OF ACTION

54. Plaintiff repeats and realleges each and every allegation contained in paragraphs 32 through 53 inclusive as if set forth fully at length herein.

55. On or about April 22, 2016, while lawfully on board the barge, plaintiff was caused to be seriously injured as a result of the negligence and lack of reasonable care of the defendant, STERLING EQUIPMENT, INC., in breach of the duty established in <u>Kermarec v. Compagnie Generale Transatlantique</u>, 358 U.S. 625 (1958) and its progeny.

56. As a result of the foregoing, the plaintiff was rendered sick, sore, lame and disabled and sustained severe permanent personal injuries, was and is internally and externally disabled causing him to suffer pain, and for a time he was prevented from attending to his daily labors, thereby losing sums of money which he otherwise would have earned as wages, and has endeavored to be cured of his injuries, and has expended sums of money to maintain himself, and will continue to endure pain and suffering, all to his damage.

## AS AND FOR A NINTH CAUSE OF ACTION

57. Plaintiff repeats and realleges each and every allegation contained in paragraphs 32 through 56 with the same force and effect as if set forth at length herein.

58. Plaintiff is entitled to maintenance, cure, and medical expenses from defendant STERLING EQUIPMENT, INC., for the period that he was disabled and unable to work.

## AS AND FOR A TENTH CAUSE OF ACTION

59. Plaintiff repeats and realleges each and every allegation contained in paragraphs 32 through 58 inclusive as if set forth at length herein.

60. Defendant STERLING EQUIPMENT, INC., has failed to secure payment of compensation to plaintiff pursuant to the LHWCA.

61. Pursuant to the provisions of 33 U.S.C. § 905(a), plaintiff hereby makes direct claim against defendant STERLING EQUIPMENT, INC., for all recoverable items of damage.

62. Pursuant to the provisions of 33 U.S.C. § 905(a), defendant STERLING EQUIPMENT, INC., may not plead as a defense that the injury was caused by the negligence of a fellow servant, or that the employee assumed the risk of his employment, or that the injury was due to the contributory negligence of the employee.

**WHEREFORE**, plaintiff demands judgment: against defendant STERLING EQUIPMENT, INC.. in the First, Second and Third Causes of Action in the sum of TEN MILLION ($10,000,000.00) DOLLARS; against defendant STERLING EQUIPMENT, INC. in the Fourth Cause of Action in the sum of FIVE HUNDRED ($500,000.00) DOLLARS; against defendant STERLING EQUIPMENT, INC. in the Fifth Cause of Action in the sum of TEN MILLION ($10,000,000.00) DOLLARS; against defendant STERLING EQUIPMENT, INC. in the Sixth, Seventh and Eighth Causes of Action in the sum of TEN MILLION ($10,000,000.00) DOLLARS; against defendant STERLING EQUIPMENT, INC. in the Ninth Cause of Action in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS; and against defendant STERLING EQUIPMENT, INC. in the Tenth Cause of Action in the sum of

TEN MILLION ($10,000,000.00) DOLLARS; that process in due form of law, *in rem*, pursuant to Rules C and E of the Supplemental Rules for Certain Admiralty and Maritime Claims, according to the practice of this Honorable Court, issue against the barge, its equipment, tackle and appurtenances; and that all persons claiming any interest therein may be required to appear and answer on oath all and singular the matters aforesaid; that the barge, its equipment, tackle and appurtenances be condemned and sold to satisfy the damages of plaintiff; together with the costs and disbursements of this action.

Dated: New York, New York
    January 17, 2018

            **FRIEDMAN, JAMES & BUCHSBAUM LLP**
            Attorneys for Plaintiff
     By:

            _____
            John P. James
            132 Nassau Street, Suite 900
            New York, NY 10038
            (212) 233-9385
            **jjames@friedmanjames.com**
            Bernard D. Friedman
            **bfriedman@friedmanjames.com**
            Andrew V. Buchsbaum
            **abuchsbaum@friedmanjames.com**